http://www.va.gov/vetapp16/Files6/1644960.txt

Citation Nr: 1644960 
Decision Date: 11/30/16 Archive Date: 12/09/16

DOCKET NO. 09-10 492 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Philadelphia, Pennsylvania

THE ISSUE

Entitlement to service connection for a respiratory disability, claimed as persistent cough and chronic upper respiratory infection. 

REPRESENTATION

Appellant represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

The Veteran 

ATTORNEY FOR THE BOARD

C. Biggins, Associate Counsel

INTRODUCTION

The Veteran served on active duty from September 1964 to September 1967. 

This matter comes to the Board of Veterans' Appeals (Board) on appeal from an August 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Philadelphia, Pennsylvania, which denied the claim.

The Veteran testified before the undersigned Veterans Law Judge at an April 2011 travel Board hearing and a transcript of this hearing is of record. 

In September 2015 the Board issued a decision denying service connection for a respiratory disability. The Veteran appealed this denial to the Court of Appeals for Veterans Claims (Court). Pursuant to a Joint Motion for Remand (JMR), in April 2016, the Court vacated the September 2015 Board decision that denied service connection for a respiratory disability and remanded the appeal to the Board for compliance with the JMR.

FINDING OF FACT

The probative evidence of record does not indicate that the Veteran has a diagnosis of a chronic respiratory disability during the period of consideration.

CONCLUSION OF LAW

The criteria for service connection for a respiratory disability have not been met. 38 U.S.C.A. §§ 1110, 1112, 1113, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304 (2015).

REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duties to Notify and Assist 

With respect to the Veteran's claim herein, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (2015); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

II. Legal Criteria 

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303 (a). Establishing service connection generally requires competent evidence of the following: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease and the present disability. See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); Hickson v. West, 12 Vet. App. 247 (1999); Caluza v. Brown, 7 Vet. App. 498 (1995), aff'd per curiam, 78 F.3d 604 (Fed. Cir. 1996) (table). 

Service connection may also be established by chronicity or continuity of symptoms for certain chronic conditions. 38 C.F.R. § 3.303 (b); see Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). A respiratory disorder is not listed as a chronic disease.

In adjudicating a claim, the Board must assess the competence and credibility of the veteran. See Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006); Washington v. Nicholson, 19 Vet. App. 362 (2005). The Board also has a duty to assess the credibility and weight given to evidence. Madden v. Gober, 125 F.3d 1477, 1481 (Fed. Cir. 1997); Wensch v. Principi, 15 Vet. App. 362, 367 (2001). A veteran is competent to provide facts about what he experienced; for example, he is competent to report that he engaged in certain activities in service and currently experiences certain symptomatology. See, e.g., Layno v. Brown, 6 Vet. App. 465 (1994). Competency, however, must be distinguished from weight and credibility, which are factual determinations going to the probative value of the evidence. Rucker v. Brown, 10 Vet. App. 67, 74 (1997); see also Cartwright v. Derwinski, 2 Vet. App. 24, 25 (1991) ("although interest may affect the credibility of testimony, it does not affect competency to testify"). The Board acknowledges that it cannot determine that lay evidence lacks credibility merely because it is unaccompanied by contemporaneous medical evidence. See Buchanan, 451 F.3d at 1337. However, such lack of contemporaneous evidence is for consideration in determining credibility.

Once the evidence is assembled, the Board is responsible for determining whether the preponderance of the evidence is against the claim. If so, the claim is denied; if the evidence is in support of the claim or is in equal balance, the claim is allowed. 38 U.S.C.A. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

III. Respiratory Disability 

The Veteran seeks entitlement to service connection for a respiratory disability. After having carefully reviewed the evidence of record, the Board finds that service connection for a respiratory disorder is not warranted.

The Veteran's service treatment records (STRs) contain some notations of a complaint of a cough. An October 1965 STR noted a complaint of "mild cough;" a diagnosis was not provided. In September 1964 and June 1967 reports of medical history, the Veteran answered "no" to whether he had or ever had had whooping cough, sinusitis, or hay fever. The Veteran's September 1964 enlistment examination and June 1967 separation examination noted the Veteran was normal with regard to his throat, lungs, and chest.

The Veteran's post-service medical records include private and VA treatment records. An April 2006 VA treatment record shows complaints of sore throat for more than one week. The VA treatment provider diagnosed the Veteran with pharyngitis. An August 2007 VA primary care follow up note indicated the Veteran had complained of a cough for the past year and was diagnosed with chronic cough. 

A VA respiratory examination was conducted in July 2008 in conjunction with the Veteran's claim for service connection for a respiratory disability. The Veteran reported being exposed to chemicals during his active service, which caused him to develop a chronic cough that worsened over time. The examiner diagnosed the Veteran with chronic cough of uncertain etiology. The examiner commented that he would be resorting to mere speculation to attribute the Veteran's cough complaints to in-service exposure to chemicals in the absence of documentation. He added, however, that if the Veteran had been exposed to chemicals the exposure, at least as likely as not, could result in a chronic cough. 

At his April 2011 hearing, the Veteran testified that he first had trouble with his throat approximately one year after his separation from service. He added he was exposed to chemicals in service, to include "Trichloroethylene," which he described as being a substance in cleaning solutions. He denied that he had been informed by a physician that in-service exposure to chemicals could have caused his upper respiratory infection. He added that his post-service employment did not include exposure to any respiratory-related risk.

The Veteran was provided with an additional respiratory examination in October 2012. The examiner commented that the Veteran had not been diagnosed with a respiratory condition; his complaint was of dry mouth. The Veteran gave a history of being exposed to trichloroethylene while serving in Germany and added he developed a problem with having a dry mouth at that time. The examiner found that the Veteran did not have a respiratory condition. The examiner added that "[c]urrently, he has no respiratory condition. He has no respiratory diseases, and on no respiratory medications." In addition, the examiner commented that the Veteran had no pulmonary conditions, such as asthma, bronchiectasis, sarcoidosis, pulmonary embolism, bacterial lung infection, mycotic lung infection, pneumothorax, or respiratory failure. He added that the Veteran did not have any other pertinent physical findings, complications, conditions, signs, symptoms or scars related to a respiratory condition. The examiner opined that there was no respiratory diagnosis, and therefore there was no respiratory disability related to the Veteran's service. He did concede that trichloroethylene can affect the respiratory condition and cause chronic respiratory problems; however, the examiner found that the Veteran did not have a chronic respiratory disability. 

After having carefully reviewed the evidence of record, the Board finds that the preponderance of the evidence is against the claim for service connection for a respiratory disorder.

The Board notes the July 2008 VA examiner diagnosed the Veteran with a chronic cough. However, as requested by the April 2016 Court JMR, the Board requested a medical opinion to reconcile the July 2008 VA examiner's diagnosis of chronic cough and the October 2012 VA examiner's finding of no respiratory disability. In response an August 2016 VHA medical opinion from a pulmonologist was obtained. The pulmonologist found that the Veteran did not have a chronic cough or chronic upper respiratory infection during the period of consideration. The pulmonologist explained the Veteran's medical records for the period of 2008 and 2009 do not contain a complaint of cough. The pulmonologist further explained "A chronic cough or chronic upper respiratory infection by the definition of chronic will be there constantly and would be apparent at his clinic visits." Thus, the pulmonologist concluded that the July 2008 VA examiner's diagnosis was invalid because the Veteran's VA treatment records did not support this diagnosis. Specifically, the pulmonologist stated, a chronic cough must be present for more than eight weeks and will continue until a cause is identified in treated, and a review of the VA records "showed occasional sore throat or cough but the vast majority of his visits had no record of the [Veteran] having a cough or symptoms of upper respiratory infection." The pulmonologist attributed the Veteran's infrequent complaints of cough to a temporary viral infection rather than a chronic upper respiratory infection. Additionally, the pulmonologist was asked to opine whether the Veteran could have obtained a current respiratory disability from his in-service exposure to trichloroethylene. The pulmonologist indicated that trichloroethylene may be absorbed into the body through the lungs but causes only toxicity to organs other than those in the respiratory system. The pulmonologist attached an article entitled "Trichloroethylene-ToxFAQs" from the Agency for Toxic Substances and Disease Registry to his opinion. The article contains a section entitled "How can trichloroethylene affect my health?" which lists the effects of breathing in or drinking trichloroethylene; none of which include a respiratory disability. 

As such, the Board finds the August 2016 VHA medical opinion provided by the pulmonologist to be probative evidence as it considered the Veteran's VA treatment records and included a thorough rationale. The Board acknowledges the Veteran's representative's contention in his November 2016 appellant's brief that the August 2016 medical opinion provider incorrectly stated that chronic means just constant whereas it could also mean frequent or having a long duration and therefore "the mere fact that the Veteran did not have a cough at the time of his VA examinations cannot be construed by record review alone that Veteran does not have a chronic condition." However, as the examiner reviewed the Veteran's medical records as a whole, not just his VA examinations, and found that the Veteran infrequently complained of a cough, thus concluding that it was not chronic, the Board finds the August 2016 medical provider's opinion to be probative. 

Therefore, for the reasons stated above the Board finds the August 2016 VHA medical opinion finding the Veteran does not have a current respiratory disability outweighs the July 2008 VA examiner's opinion diagnosing the Veteran with a chronic cough. 

The only additional evidence in the record concerning whether the Veteran has a chronic respiratory disability is the Veteran's own statements. The Veteran repeatedly reported symptoms of cough and dry mouth which he believed were caused by his in-service exposure to trichloroethylene. An underlying disorder characterized as dry mouth was noted to be present in October 2012. There was no complaint or finding of dry mouth prior to that time. Lay persons are competent to provide opinions on some medical issues. Kahana v. Shinseki, 24 Vet. App. 428 (2011); Layno, supra. However, respiratory disease is a medically complex disease process because of its multiple possible etiologies and requires specialized testing to diagnose and thus, falls outside the realm of common knowledge of a lay person. Jandreau, supra. The Veteran's lay assertions are further outweighed by the October 2012 VA examination and the August 2016 outside medical opinion that showed no diagnosis of a respiratory disability. 

The Board acknowledges the Veteran's assertion that his exposure to trichloroethylene during his active service caused a respiratory disability. While the July 2008 and October 2012 VA examiners concluded the trichloroethylene could potentially cause a respiratory disability, as the Veteran has not been diagnosed with a current respiratory disability trichloroethylene cannot have caused a respiratory disability in the Veteran. 

Thus, the most probative evidence of record indicates that the Veteran does not have a respiratory disability during the period on appeal. In the absence of proof of present disability there can be no valid claim. Brammer v. Derwinski, 3 Vet. App. 223 (1992); McClain v. Nicholson, 21 Vet. App. 319 (2007). Therefore, service connection for a respiratory disability is not warranted.

ORDER

Entitlement to service connection for a respiratory disability, claimed as persistent cough and chronic upper respiratory infection is denied. 

____________________________________________
M.E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs